**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**

---

DANA CLARK and DAVID CLARK,
on behalf of themseves and all others
similarly situated,

        Plaintiffs,

v.

ABSOLUTE COLLECTION SERVICE
INCORPORATED,

        Defendant.

**CLASS ACTION COMPLAINT**

**Civil Action No.**

**JURY TRIAL DEMANDED**

---

## CLASS ACTION COMPLAINT

**I.**    **INTRODUCTION**

1.    This action is brought by Plaintiffs Dana Clark and David Clark, on behalf of themselves and all others similarly situated, for statutory damages against Defendant Absolute Collection Service, Inc. for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**II.**    **JURISDICTION**

2.    Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper in this district as all relevant events took place here.

**III.**    **PARTIES**

4.    Plaintiffs Dana and David Clark are individuals who previously resided in Raleigh, North Carolina, but currently reside in Hixson, Tennessee, and are "consumers" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5.    Defendant Absolute Collection Service, Inc. is a corporation and collection agency located in Raleigh, North Carolina.

6. Defendant is engaged in the collection of debts from North Carolina consumers using the mail and telephone.

7. Defendant regularly attempts to collect consumer debts alleged to be due to another.

8. Defendant was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. <u>FACTUAL ALLEGATIONS</u>

9. Ms. Clark had medical services preformed by WakeMed.

10. Ms. Clark was unable to pay her account with WakeMed.

11. Mr. Clark's daughter Shannon Clark had medical services preformed by WakeMed, for which Mr. Clark was allegedly responsible.

12. Mr. Clark was unable to pay his account with WakeMed.

13. Mr. and Mrs. Clark's unpaid accounts referenced above are referred to as "the Debts."

14. The Debts were incurred for personal, family, or household purposes, *i.e.*, family medical treatment.

15. Defendant obtained the Debts after they entered default.

16. By correspondence dated July 1, 2011, Defendant arranged for the preparation and transmittal of a letter to Ms. Clark at her residence in an attempt to collect her WakeMed account. Defendant's July 1, 2011, letter to Ms. Clark is attached hereto as <u>Exhibit A</u>.

17. By correspondence dated August 16, 2011, Defendant arranged for the preparation and transmittal of a letter to Mr. Clark at his residence in an attempt to collect his WakeMed account. Defendant's August 16, 2011, letter to Mr. Clark is attached hereto as <u>Exhibit B</u>.

18. Both <u>Exhibit A</u> and <u>Exhibit B</u> contain on the front side of the letters:

> This is an attempt to collect a debt. Any information obtained will be used for that purpose only.

> WakeMed turned your account over to our office for collection.

\*\*\*

All portions of this claim shall be assumed valid unless disputed in writing within thirty (30) days; in which case, verification of the debt or a copy of the judgment will be provided to you. If the original creditor is different from the above named creditor, the name of the original creditor will be provided upon request.

19. Exhibit A was the initial communication from Defendant to Ms. Clark regarding her alleged debt to WakeMed.

20. Exhibit B was the initial communication from Defendant to Mr. Clark regarding his alleged debt to WakeMed.

21. Exhibit A and Exhibit B state that the consumers' dispute of the debt's validity must be must be made "in writing" in order to prevent it from being assumed valid.

## V. DEFENDANT'S POLICIES AND PRACTICES

22. Exhibit A and Exhibit B are form letters that Defendant uses as its initial written communication and regularly sends to consumers to solicit payment.

23. It is the standard policy and practice of Defendant to use false, deceptive, or misleading representations or means in connection with the collection of any debt.

24. It is the standard policy and practice of Defendant to state that a consumer's dispute of the alleged debt must be "in writing" in order to prevent the assumption of validity.

25. To prevent the debt collector from assuming the debt valid, the FDCPA only requires the consumer to dispute the debt - orally or in writing. 15 U.S.C. § 1692g(a)(3). However, Defendant's use of its form letter, represented here by Exhibits A and B, eliminates the consumer's statutory right to dispute the debt orally by unilaterally imposing a written dispute requirement to prevent the assumption of validity. *Camacho v. Bridgeport Financial, Inc.*, 430 F.3d 1078, 1082 (9th Cir. 2005).

## VI. CLASS ALLEGATIONS

26. This action is brought as a class action. Plaintiffs define the class as (i) all persons with addresses within the state of North Carolina (ii) who were sent a letter from Defendant in the form of Exhibit A and Exhibit B (iii) to recover a debt allegedly owed to

Page 3

WakeMed (iv) incurred for personal, household purposes (v) which were not returned undelivered by the United States Postal Service (vi) during the period of time one-year prior to the filing of this Complaint through 21 days after the filing of this Class Action Complaint.

27. The class is so numerous that joinder of all members is impractical.

28. There are questions of law and fact common to the class, which predominate over any questions affecting only individual class members. The principal issue is whether Defendant violated the FDCPA by:

A) falsely representing that a consumer's dispute of the alleged debt must be "in writing" to avoid the assumption of validity in violation of 15 U.S.C. § 1692g(a)(3);

B) using any false, deceptive, or misleading representation or means in connection with the collection of any debt in violation of 15 U.S.C. §§ 1692e and e(10).

29. There are no individual questions, other than whether a class member was sent a letter in the form of Exhibit A and Exhibit B, which can be determined by ministerial inspection of Defendant's records.

30. Plaintiffs will fairly and adequately protect the interests of the class.

31. Plaintiffs have retained counsel experienced in handling class claims and claims involving unlawful collection practices.

32. The questions of law and fact common to the class predominate over any issues involving only individual class members. The principal issue is whether Defendant's letter in the form of Exhibit A and Exhibit B violates the FDCPA, 15 U.S.C. § 1692 et seq.

33. Plaintiffs' claims are typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories.

34. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with Federal law. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual FDCPA

action are $1,000.00. Management of these class claims are likely to present significantly fewer difficulties than those presented in many class actions, e.g., for securities fraud.

## VII. COUNT ONE – FAIR DEBT COLLECTION PRACTICES ACT

35. Plaintiffs repeat, reallege, and incorporate by reference the foregoing paragraphs.

36. Defendant's violations of the FDCPA include, but are not limited to:

A) falsely representing that a consumer's dispute of the alleged debt must be "in writing" to avoid the assumption of validity in violation of 15 U.S.C. § 1692g(a)(3);

B) using any false, deceptive, or misleading representation or means in connection with the collection of any debt in violation of 15 U.S.C. §§ 1692e and e(10).

37. As a result of Defendant's violations of the FDCPA, Plaintiffs and the class members are entitled to an award of statutory damages, costs and reasonable attorney fees.

## VIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiffs Dana Clark and David Clark request that judgment be entered in their favor and in favor of the class against Defendant Absolute Collection Service, Inc. for:

A. Certification of this matter as a class action;

B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

D. For such other relief as the Court may find to be just and proper.

/s/ Joseph A. Bledsoe, III
Joseph A. Bledsoe, III
Attorney for Plaintiffs
The Bledsoe Law Firm
3217 Friendly Road
Fayetteville NC 28304
Telephone: (910) 223-3277
Email: jbledsoe@attorneybledsoe.com
NC State Bar No.: 19817
LR 83.1 Counsel

Page 5

Craig M. Shapiro
Keith J. Keogh
Attorneys for Plaintiffs
KEOGH LAW, LTD.
101 North Wacker Drive, Suite 605
Chicago, Illinois 60606
Telephone: (312) 726-1092
Fax: (312) 726-1093
LR 83.1 Counsel (by Special Appearance)